**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KEYSHAUN JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-CV-160-JSD |
| | ) |
| FCI BECKLEY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of a document filed by Keyshaun Jenkins, an inmate at the Federal Correctional Institution – Beckley ("FCI Beckley") in West Virginia. For the reasons explained below, the Court will order this case transferred to the United States District Court for the Southern District of West Virginia.

Jenkins alleges that on November 27, 2023, while he was housed in segregation at FCI Beckley, prison officials severely beat him while he was handcuffed and shackled. He pleads for help, and states he does not feel safe at FCI Beckley. The Court liberally construes the document as a civil rights complaint against the FCI Beckley prison officials involved in the November 27, 2023 incident. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (district courts must liberally construe complaints filed by laypeople). FCI Beckley is located in Raleigh County, West Virginia, which is in the Southern District of West Virginia. *See* 28 U.S.C. § 129(b).

Under 28 U.S.C. § 1391(b), an action of this type may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action

is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

There is no indication that venue is proper in this judicial district. Instead, it is apparent that all of the events giving rise to Jenkins's claims occurred in the Southern District of West Virginia, and venue is therefore proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Southern District of West Virginia.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **TRANSFER** this case to the United States District Court for the Southern District of West Virginia.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of January, 2024.